UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LINDA J. LANE | ) | CASE NO. 17-32237(1)(13) |
| | ) | |
| Debtor | ) | |
| | ) | |
| SARAH and KEVIN DEAN | ) | AP NO. 18-3022 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA J. LANE | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Dismiss with Prejudice filed by Debtor/Defendant Linda J. Lane ("Debtor") against the Plaintiffs/Creditors Sarah and Kevin Dean ("the Deans"). The Court considered the Debtor's Motion to Dismiss, the Deans' Response to that Motion and the comments of counsel for the Debtor and Sarah Dean, *pro se*, at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Debtor's Motion to Dismiss the Deans' Complaint with prejudice. An Order accompanies this Memorandum-Opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Deans entered into a contract for the purchase of the Debtor's home in Mt. Washington, Kentucky on May 14, 2014. In July 2015, it was discovered that the basement of the home was contaminated with mold.

The Deans subsequently filed suit in Bullitt Circuit Court against Debtor. The case was submitted to binding arbitration pursuant to an Agreed Order of the parties. The Agreed Order dismissed all claims asserted in the Complaint without prejudice and referred all of the Plaintiffs' claims to arbitration.

On April 17, 2017, the arbitrator entered a final award of $28,172.99 for the Deans' on their property damage claim, plus attorneys' fees and costs of $83,571.72 and attorneys' fees and costs in the Bullitt Circuit Court action of $15,150.86, for a total Judgment of $126,895.57, with interest in the amount of 12%. The Deans filed a Notice of Judgment Lien in Bullitt County on April 28, 2017 which attached to Debtor's real estate.

On July 14, 2017, Debtor filed her Chapter 13 Petition with this Court. The Petition listed the Deans as creditors holding a secured claim in the amount of $128,895.57 secured by the Debtor's home. *See* Schedule D to Debtor's Petition. Debtor also listed the Deans as having a contingent, unliquidated, disputed claim in an unknown amount. *See* Schedule E/F to the Debtor's Petition.

The Debtor filed her original Chapter 13 Plan on July 14, 2017 and the Deans', through counsel, filed a written Objection to it on August 28, 2017, contending the Debtor could not modify their secured claim because their Judgment Lien was not avoidable under 11 U.S.C. § 522(f). The Deans also claimed they were entitled to post-petition interest on their claim because their claim was over secured, as the value of the Debtor's real estate exceeded the full amount of their Judgment Lien.

The Debtor filed a written response to the Deans' Objection to the Chapter 13 Plan indicating that the Judgment Lien retained by the Deans was avoidable under 11 U.S.C. § 522, and thus, the secured claim could be modified under 11 U.S.C. § 1322(b)(2). The Debtor also argued that the

interest rate on the Deans' Judgment and Judgment Lien, established by state law, could be modified under *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). The Court scheduled the matter for a hearing.

Both the Debtor and the Deans appeared at the hearing by counsel and stipulated to the Court that the only matter remaining for the Court to decide on the Deans' Objection to the Plan was the interest rate to be applied to their claim. The Court then heard arguments on the interest rate issue only and subsequently issued its ruling that the appropriate rate under *Till* was the prime rate of 4.25%. Following the hearing, the Court signed an Order allowing the Deans' counsel to withdraw from representing the Deans in the case.

The Debtor's Chapter 13 Plan, as modified by the Court's interest rate decision, was confirmed by Order of the Court on October 16, 2017. The Plan was later amended, upon Debtor's Motion, by an Order dated January 3, 2018 to provide for a 100% payout to the Deans on their claim of $130,608.57, the amount of the Debtor's Proof of Claim, with interest of 4.25% over the life of the Plan.

On October 13, 2017, the Deans, *pro se*, initiated Adversary Proceeding No. 17-03062 objecting to the discharge of their unsecured personal injury claim in the amount of $300,000. The Deans' have not filed a Proof of Claim relating to this cause of action.

On February 21, 2018, the Court entered an Order dismissing Adversary Proceeding No. 17-03062 without prejudice because the Court has no jurisdiction to adjudicate a personal injury claim of the Deans that has never been reduced to judgment or liquidated by arbitration.

On November 2, 2017, in Debtor's main bankruptcy case, Case No. 17-32237, shortly after the Court entered the Order confirming the Debtor's Chapter 13 Plan, the Deans filed a Motion to

Dismiss the Debtor's Case with Prejudice. The Debtor filed an Objection to the Deans' Motion and the Court held a hearing on the Deans' Motion.

On February 5, 2018, this Court entered its Memorandum-Opinion and Order (*See* Dkt. #35), detailing the history of the Chapter 13 case that led to the Order confirming the Debtor's Plan. The Court noted that the Deans, post-confirmation had moved to dismiss the Debtor's Chapter 13 case with prejudice, by raising many of the same issues upon which they objected to confirmation of the Debtor's Chapter 13 Plan. The Court denied the Deans post-confirmation Motion to Dismiss because the issues raised by the Deans were either denied by the Court prior to confirmation or were waived because they were not timely raised pre-confirmation.

On February 20, 2018, the Deans filed a Notice of Appeal to the Bankruptcy Appellate Panel for the Sixth Circuit Court of Appeals challenging the February 5, 2018 Memorandum-Opinion denying the Deans' Motion to Dismiss Debtor's Chapter 13 case.

On April 13, 2018, the Deans filed this Adversary Proceeding against the Debtor with a Complaint seeking revocation of the Debtor's Chapter 13 Confirmation under 11 U.S.C. § 1330 for fraud and dismissal of the Debtor's Chapter 13 Plan under 11 U.S.C. § 1307.

## **LEGAL ANALYSIS**

The Debtor contends that the Deans' Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7012(b). The complaint must contain sufficient factual matter, accepted as true to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations of the complaint must show that the pleader is entitled to relief. A court considering a motion to dismiss under Rule

12(b)(6), "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).

The Deans must assert the normal elements of fraud in order to sufficiently state a claim for relief under 11 U.S.C. § 1330(a). In order to succeed on such a claim the Deans would have to prove the following by clear and convincing evidence: (1) that the debtor made a misrepresentation regarding her compliance which was materially false; (2) that the representation was either known by the debtor to be false, or was made without belief in its truth; or was made with reckless disregard for the truth; (3) that the representation was made to induce the court to rely upon it; (4) that the court did rely upon it; and (5) that as a consequence of such reliance, the court entered the confirmation order. *In re Nikloutsos*, 199 F.3d 233 (5th Cir. 2000).

Section 1330(a) of Title 11 of the United States Bankruptcy Code provides that at the request of a party in interest, filed within 180 days after the date of entry of an order of confirmation in a Chapter 13 case, the court may revoke the order of confirmation after notice and a hearing. Fraud is the only ground available for revoking confirmation. The purpose of this limitation is to promote the finality of the confirmation order. 8 COLLIER ON BANKRUPTCY ¶1330.01 [2] (Richard Levin & Henry J. Sommer eds. 16th ed.). To revoke a Chapter 13 confirmation order under 11 U.S.C. § 1330(a), the order must have been "procured by fraud." *In re Bulson*, 327 B.R. 830 (Bankr. W.D. Mich. 2005).

Confirmation of a plan has been described as *res judicata* of all issues that could or should have been litigated at the confirmation hearing. *Salt Creek Valley Bank v. Wellman (In re Wellman)*,

322 B.R. 298, 301 (B.A.P. 6th Cir. 2004). Thus, issues that could have been raised pre-confirmation in opposition to a proposed plan cannot be relitigated in a subsequent proceeding.

Even if the Court accepts the allegations of the Complaint as true, which it must in ruling on a motion made under Rule 12(b)(6), the allegations herein do not state a claim for relief under 11 U.S.C. § 1330(a). The Deans' Complaint alleges the Debtor intended to take the Deans' property without just compensation. The Deans also claim the Debtor "disallowed their personal injury claim in the amount of $300,000." *See*, paragraph 33 of the Complaint. The Deans also state they "were active participants in the Debtor's Proposed Chapter 13, and they objected on numerous grounds to the proposed, illegal treatment of their secured claim prior to Confirmation, yet their rights were fraudulently, illegally and unconstitutionally modified before this Bankruptcy Court, when their Judgment Lien was taken without just compensation." *See*, paragraph 36 of the Complaint.

The Deans further allege fraud occurred when the Debtor filed a Motion to Amend the Order of Confirmation to increase her Chapter 13 payments, commensurate with the Court's Order of interest in the amount of 4.25%, and that this constituted the fraudulent taking of their property without just compensation. *See*, paragraph 40 of the Complaint. The Deans also repeatedly state in the Complaint that the Debtor and her attorney "fraudulently, falsely and illegally" confiscated the Deans' secured claim. The Deans further claim that the Debtor made numerous fraudulent misrepresentations regarding her income and other misrepresentations in her Schedules that affected the Plan's feasibility, which amount to fraud.

All of these claims could and should have been raised by the Deans prior to confirmation. As the Court in the *Wellman* case indicated, once the plan is confirmed, all issues that could or should have been litigated at the confirmation hearing are *res judicata*. *In re Wellman*, 322 B.R. at

302. All of the claims regarding alleged false information contained in the Schedules as well as how their claims were dealt with in the proposed Plan, could have been dealt with pre-confirmation and are no longer justiciable issues due to the *res judicata* effect of the confirmation order. The Deans are not entitled to relief post-confirmation for such claims.

The Court reviewed each allegation of the 87 paragraph Complaint of the Deans. The matters that the Deans claim are "fraudulent" or constitute a "fraudulent taking of their property", as well as claims that the Debtor and her attorney "fraudulently, falsely and illegally confiscated their secured claim" do not in any way support their claims that the confirmation Order itself was procured by fraud or that some sort of fraud on the Court occurred in the confirmation process. The Deans, who have proceeded *pro se* since the Court entered the Confirmation Order, either do not understand bankruptcy law or argue points that they know are frivolous and vexatious.

The parties disagreed and both parties, through counsel, argued their factual and legal disagreements prior to confirmation. The result was an agreement on all issues except the appropriate rate of interest due the Deans on their fully secured claim. The Court decided that the appropriate rate under *Till* was the prime rate of 4.25% since the Deans were over secured and there was little risk that their claim would not be paid. The Confirmation Order was then issued and the Deans were allowed payment on their unsecured claim at 100% for 60 months. The Deans, who no longer had counsel, then filed a *pro se* Motion to Dismiss the case. The Debtor then moved to amend the Order of Confirmation to provide for the increase in payment on the monthly Plan payment to reflect the interest rate of 4.25% on the Deans' claim, in accordance with the Court's Order resolving their objection to the Plan.

The allegations of the Complaint do not state a claim that fraud was perpetrated upon the Court during this process. The Deans' allegations in the Complaint also do not include any claims that could not have been raised pre-confirmation. None of the allegations with respect to how the Deans' claim was to be paid under the Plan state a claim for fraud under § 1330.

The Court notes that the Deans' prayer for relief in their Complaint seeks sanctions against the Debtor's attorney for alleged violations of numerous federal statutes, as well as a request that the automatic stay be lifted so they can proceed with a personal injury case and an action on their Judgment Lien. Such requests have no evidentiary basis in the Complaint and are legally and procedurally flawed. The Court cautions the Deans that any further lawsuits and filings in this case that are frivolous and/or lack legal merit may subject the Deans to sanctions of their own.

Finally, the Court agrees with the Debtor that there can be no better showing of the Debtor's good faith in this case then to have a Plan confirmed that pays their claim at 100%, with interest. The fact that their attorney, defensibly so, chose not to pursue their objection to the Plan on the basis that their secured claim was modified under 11 U.S.C. § 1322, is not a justiciable claim for fraud under 11 U.S.C. § 1330. Many of these same matters are being pursued by the Deans in their appeal currently pending before the Bankruptcy Appellate Panel for the Sixth Circuit Court of Appeals. There being no matters raised in the Complaint against the Debtor by the Deans that would entitle them to relief, the Court is compelled to **GRANT** the Debtor's Motion to Dismiss this adversary proceeding with prejudice. The allegations of the Complaint simply do not give rise to a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For all of the above reasons, the Court will enter the attached Order granting the Debtor's Motion to Dismiss with prejudice filed by Debtor Linda J. Lane against the Plaintiffs/Creditors Sarah and Kevin Dean. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 22, 2018

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     LINDA J. LANE | ) | CASE NO. 17-32237(1)(13) |
| | ) | |
|                 Debtor | ) | |
| | ) | |
|     SARAH and KEVIN DEAN | ) | AP NO. 18-3022 |
| | ) | |
|               Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
|     LINDA J. LANE | ) | |
| | ) | |
|               Defendant | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss with Prejudice filed by Debtor Linda J. Lane, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this adversary proceeding, be and hereby is, dismissed with prejudice.

                                                        Joan A. Lloyd
                                                        United States Bankruptcy Judge
                                                          Dated: August 22, 2018